UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELAJUWAN JARROD WORLDS,

    Plaintiff,

v.                              Case No.: 8:21-cv-01534-WFJ-SPF

HOME DEPOT U.S.A., INC., d/b/a
HOME DEPOT STORE (#248);
CITY OF LAKELAND, A FLORIDA
MUNICIPALITY; and DETECTIVE
EDWARD "TED" SEALEY III,

    Defendants.
_____/

**DEFENDANT'S, DETECTIVE SEALEY,
OPPOSED MOTION TO STRIKE CLAIM FOR ATTORNEY'S FEES**

Defendant, DETECTIVE EDWARD "TED" SEALEY III ("Detective Sealey"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), hereby moves to strike the claim for attorney's fees from Count VI of Plaintiff's, ELAJUWAN JARROD WORLDS, Amended Complaint (Doc. 6). Neither Florida nor federal law permits Plaintiff, in an action for malicious prosecution under Florida law, to recover attorney's fees incurred in pursuing that action. In support hereof, Defendant provides the following Memorandum of Law:

**MEMORANDUM OF LAW**

    **I.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading any immaterial matter. Where a plaintiff fails to plead a sufficient basis

for entitlement to attorney's fees, the claim for attorney's fees should be stricken. *See, e.g.*, *Beasley v. Wells Fargo Bank*, No. 6:20-cv-883-WWB-EJK, 2021 WL 2474283 at *2 (M.D. Fla. Mar. 1, 2021); *Resmondo v. New Hampshire Ins. Co.*, No. 8:13-cv-2907-T-30EAJ, 2013 WL 6894857 (M.D. Fla. Dec. 31, 2013); *Premier Jet Services, LLC v. Cessna Aircraft Co.*, No. 6:08-cv-699-Orl-22GJK, 2008 WL 4459026 at *6 (M.D. Fla. Sep. 30, 2008).

A federal court adjudicating a state law claim must apply state substantive law thereto. *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Statutes permitting recovery of attorney's fees are considered substantive law. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001). However, "federal courts apply federal rules or statues where attorney's fees are awarded as a sanction, or where the state rule conflicts with a federal rule." *Rader v. Sunrise Senior Living Services, Inc.*, No. 06-80275-Civ-Hurley/Hopkins, 2007 WL 9751679 at *3 (S.D. Fla. Mar. 26, 2007).

## II.   Argument

In Count VI of the Amended Complaint, Plaintiff prays to recover the following damages against Detective Sealey: compensatory damages, punitive damages, interest, costs, attorney's fees, and miscellaneous relief. (Doc. 6 at 23). Relevant here, Plaintiff's prayer for attorney's fees is separate from his prayer for compensatory damages.

Under Florida law, a party is not entitled to attorney's fees unless a specific statutory or contractual provision so provides. *International Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018) (citing *Dade Cty. v. Pena*, 664 So.2d 959, 960 (Fla. 1995); *Gen Motors Corp. v. Sanchez*, 16 So.3d 883, 884 (Fla. 3d DCA 2009)); *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004). In a malicious prosecution action under Florida law, a plaintiff may recover attorney's fees incurred "to secure his discharge from the illegal restraint" as an element of damages but may not recover attorney's fees incurred in prosecuting the malicious prosecution action itself. *Sheridan v. Greenberg*, 391 So.2d 234, 237-38 (Fla. 3d DCA 1980); *City of Miami Beach v. Bretagna*, 190 So.2d 364, 365-66 (Fla. 3d DCA 1966); *see also Glusman v. Lieberman*, 285 So.2d 29, 31 (Fla. 4th DCA 1973) (citing *Tidwell v. Witherspoon*, 21 Fla. 359 (1885)). Plaintiff pleads no basis in Florida statute, contract, or federal procedural law which would provide a basis for attorney's fees, nor is any such authority known to Detective Sealey. *See* (Doc. 6).

Accordingly, Plaintiff's prayer in Count VI for attorney's fees separate from the prayer for compensatory damages is improper and thus due to be stricken.

### III. Conclusion

WHEREFORE, Defendant DETECTIVE EDWARD "TED" SEALEY III respectfully requests that the Court strike the claim for attorney's fees from Count VI of Plaintiff's, ELAJUWAN JARROD WORLDS, Amended Complaint (Doc. 6).

## IV. Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Movants conferred telephonically on July 27, 2021 with counsel for Plaintiff in a good faith effort to resolve the Motion to Strike. The parties did not agree on the resolution of the Motion.

I HEREBY CERTIFY that on the 28th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

JAMES JEAN-FRANCOIS, ESQUIRE
Florida Bar No. 0495115
Law Offices of James Jean-Francois, P.A.
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
jamesjeanfrancoisesq@hotmail.com
jjonlaw@hotmail.com
Counsel for Plaintiff

CAMPBELL TROHN TAMAYO &
ARANDA, P.A.

*/s/ Jonathan B. Trohn*
JONATHAN B. TROHN
Florida Bar No. 0880558
EDWARD B. KERR
Florida Bar No. 1018861
1701 South Florida Avenue
Lakeland, FL  33803
Telephone: (863) 686-0043
Facsimile: (863) 616-1445
j.trohn@cttalaw.com
e.kerr@cttalaw.com
l.hudson@cttalaw.com
s.strickland@cttalaw.com
Counsel for Defendants City of Lakeland and Detective Edward Sealey