# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ELAJUWAN JARROD WORLDS,

    Plaintiff,

v.                                         Case No: 8:21-cv-1534-CEH-SPF

HOME DEPOT U.S.A., INC., CITY
OF LAKELAND and EDWARD
SEALEY, III,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Detective Sealey's Motion to Strike Claim for Attorney's Fees (Doc. 9) and Defendant Home Depot U.S.A.'s, Inc.'s Motion to Strike Plaintiff's Claim for Attorney's Fees (Doc. 19). In the motions, Defendants request the Court strike Plaintiff's demand for attorney's fees alleged in his state law claims in Counts IV, V, and VI of the Amended Complaint. Plaintiff does not oppose Sealey's Motion to Strike. *See* Doc. 12 at 19. Plaintiff did not file a response to Home Depot's motion, and thus the motion is deemed unopposed. *See* M.D. Fla. 3.01(c). The Court, having considered the motions and being fully advised in the premises, will grant Defendants' motions to strike Plaintiff's claim for attorney's fees in Counts IV, V, and VI of the Amended Complaint.[1]

---

[1] Also pending are Defendants' motions to dismiss the Amended Complaint. Docs. 7, 9. The Court will address these motions by separate order.

## DISCUSSION

On June 29, 2021, Plaintiff filed a seven-count Amended Complaint against Defendants alleging federal claims under 42 U.S.C. § 1983 for malicious prosecution, joint participation/conspiracy, and a *Monell* claim, and state law claims for malicious prosecution and false arrest/imprisonment. Doc. 6. In his claims for relief, Plaintiff demands attorney's fees as one element of his damages, among others. As argued by Defendants in the motions to strike, Plaintiff fails to identify the statutory or contractual authority supporting his claim for attorney's fees in his state law causes of action. Thus, the request for attorney's fees in those Counts should be stricken.

Generally, a party is not entitled to attorney's fees under Florida law unless a specific statutory or contractual provision so provides. *Internat'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018) (citing *Dade Cty. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). Defendant Detective Sealey moves to strike Plaintiff's demand for attorney's fees in Count VI of the Amended Complaint, arguing Plaintiff fails to allege or identify any such authority supporting an entitlement to fees. Doc. 9. In Count VI, Plaintiff sues Sealey in a state law claim for malicious prosecution.

Similarly, Plaintiff has asserted state law claims against Home Depot for malicious prosecution (Count IV) and false imprisonment (Count V) and requests attorney's fees as an element of his damages under these state law claims. Doc. 6 at 21–22. Home Depot moves to strike Plaintiff's request for fees in Counts IV and V of the Amended Complaint, as Plaintiff has failed to articulate a basis under Florida

statute, contract, or federal procedural law which would allow him to recover such damages on his state law claims.

In certain circumstances, a plaintiff may be entitled to attorney's fees on such claims. As discussed by the Third District Court of Appeal:

> It is well settled that plaintiffs, in actions for false imprisonment, where the damages are specially claimed, may recover for any reasonable and necessary expense incurred as a result of the unlawful imprisonment, including attorney's fees for services in procuring his discharge. 25 C.J. 558, s 173. But such fees for defending the plaintiff against the prosecution of the charge, while recoverable in an action for malicious prosecution, are not recoverable in an action for false imprisonment, unless such services are necessary to secure the plaintiff's discharge from the illegal restraint.

*City of Miami Beach v. Bretagna*, 190 So. 2d 364, 365 (Fla. 3d DCA 1966) (citations omitted). Thus, while a plaintiff may be entitled to recover attorney's fees related to securing his discharge, attorney's fees are not otherwise available in pursuing a malicious prosecution claim itself.

Here, Plaintiff provides no authority to support his claim of entitlement to attorney's fees and does not otherwise oppose Defendant Sealey's motion to strike. Additionally, Plaintiff did not respond to Defendant Home Depot's motion to strike. The motions to strike are due to be granted. Accordingly, it is

**ORDERED**:

1. Defendant Detective Sealey's Motion to Strike Claim for Attorney's Fees (Doc. 9) is **GRANTED**.

    2.    Defendant Home Depot's Motion to Strike Claim for Attorney's Fees (Doc. 19) is **GRANTED**.

    3.    Plaintiff's request for attorney's fees in his state law claims brought in Counts IV, V, and VI of the Amended Complaint are **STRICKEN**.

    **DONE AND ORDERED** in Tampa, Florida on January 25, 2022.

*[Signature: Charlene Edwards Honeywell]*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any